IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Perry Peterkin, #92172-071, | ) C/A No. 5:12-1024-MBS-KDW |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden, FCC-Victorville, | ) |
| Respondent. | ) |

    Petitioner is a federal prisoner, currently incarcerated at FCC-Victorville, a federal penitentiary located in Victorville, California, which is in the Central District of California insofar as the federal court system is concerned. Petitioner is serving sentences entered by this court in Criminal Case No. 4:96-601-CWH. He filed this case pursuant to 28 U.S.C. § 2241 from his current place of confinement in California, claiming that the Federal Bureau of Prisons improperly calculated his sentence by failing to apply sentence credits for a period of state incarceration.

**INITIAL REVIEW**

    Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

    This court is required to construe pro se petitions liberally. Such petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be transferred for further processing to the United States District Court for the Central District of California.

## **DISCUSSION**

Under established precedent, a § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district that can acquire in personam jurisdiction of a petitioner's custodian. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-500 (1973); *United States v. Lynch,* 647 F. Supp. 1293, 1296-97 (D.S.C. 1986). This court, a federal court within the state of South Carolina, cannot obtain in personam jurisdiction over Petitioner's custodian, because Petitioner's current custodian and the only proper respondent in this case is located in the

Central District of California, and is subject to service in that district only. *See Norris v. Ga.*, 522 F.2d 1006, 1010-14 (4th Cir. 1975) ( "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'"). As a result, this case should be transferred to the Central District of California for further processing.

In light of the absence of jurisdiction for this court to consider this case, no recommendation on the merits of the Petition is made herein.

## **RECOMMENDATION**

The undersigned recommends that this court transfer this case to the United States District Court for the Central District of California.

**Petitioner's attention is directed to the notice on the next page.**

IT IS SO RECOMMENDED.

May 4, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).